Wohlers, Appellant, *v.* Wohlers, Appellee.

(No. 8774—Decided June 6, 1960.)

*Mr. Robert W. Ent,* for appellant.
*Mr. Alvin D. Pauley,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a decision of the Court of Common Pleas of Hamilton County, Division of Domestic Relations.

The plaintiff wife, appellant herein, filed a suit for divorce, and subsequent thereto and before trial, the defendant husband was declared incompetent by the Probate Court of Hamilton County. Under Section 2317.03, Revised Code, the wife, being a party, could not testify against her incompetent husband as to marital difficulties occurring before the husband's incompetency. After properly ruling that the plaintiff could not testify, the trial court took the position, and so ruled, that, the wife not being able to testify, her testimony could not be corroborated or supported by the testimony of other witnesses. Section 3105.11, Revised Code, provides, *inter alia,* as follows: "A judgment for divorce or for alimony shall not be granted upon the testimony or admissions of a party *unsupported* by other evidence." The language does not mean that other witnesses may not testify. Evidence in divorce cases is governed by the same rules that apply in civil actions generally. If by evidence *other* than that of a party, in a case such as we have here, grounds for divorce are established by sufficient evidence, the court should enter a decree accordingly. 17 Ohio Jurisprudence (2d), 718, Divorce and Separation, Section 61. See, also, 17 Ohio Jurisprudence (2d), 729, Section 71. Section 3105.11, Revised Code, simply says that a divorce shall not be granted on the unsupported evidence of a party. It does not say that if a party does not testify that the divorce may not be granted on the testimony of other witnesses.

We think that the ruling of the court in not permitting the witnesses, other than the wife, to testify was error, prejudicial to appellant. For this reason the judgment of the Court of Common Pleas, Division of Domestic Relations, is reversed, and the cause remanded to that court for further proceedings according to law.

*Judgment reversed.*

Matthews, P. J., Long and O'Connell, JJ., concur.